| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| THE WAVE STUDIO, LLC,<br><br>                Plaintiff,<br><br>      v.<br><br>CITIBANK, N.A.; SOUTHWEST AIRLINES. CO.; AIR CANADA; EMERGING TRAVEL GROUP; RATE HAWK; AND ZEN HOTELS<br><br>                Defendants. | No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

       Plaintiff The Wave Studio, LLC ("Plaintiff"), by its attorneys, Rimon P.C., for its complaint against Defendants Citibank, N.A.; Southwest Airlines. Co.; Air Canada; Emerging Travel Group; Rate Hawk and Zen Hotels. (collectively, "Defendants"), alleges as follows:

## NATURE OF THIS ACTION

       1.     This is an action for copyright infringement arising out of Defendants' unauthorized reproduction, display, distribution, publication, and utilization of Plaintiff's photographs in connection with Defendants' highly profitable promotion and sale of hotel and travel bookings on websites, mobile websites, apps and other digital media accessed across the United States and worldwide.

       2.     Plaintiff is the copyright owner of photographic works of various luxury hotels located throughout the world, including the United States (the "Hotels"). Its sole owner, member, and manager, Lee Kar Yin (a/k/a Junior Lee) ("Ms. Lee") is a Malaysian creative director, artist, and entrepreneur. Ms. Lee, or the relevant entity controlled by Ms. Lee, contracted with the Hotels to create marketing and promotional materials, including artistically designed and produced photographs of these elite hotel properties and travel destinations. Under the express terms of the

contracts with such Hotels, Ms. Lee, or the relevant entity controlled by Ms. Lee, retained sole and exclusive ownership of all right, title, and interest in and to the underlying photographs, as well as the sole and exclusive right to license, distribute, and use the photographs for any and all other purposes.

3. As set forth in more detail below, Defendants have committed blatant acts of copyright infringement by improperly using Plaintiff's photographs – without authorization – for their own financial gain, including but not limited to, using Plaintiff's photographs on their own websites, mobile websites, apps and other digital media , all of which are generating traffic to, and revenue for, Defendants and their businesses; and by distributing Plaintiff's photographs to third parties that, in turn, are infringing Plaintiff's copyrights. By virtue of this action, Plaintiff seeks injunctive relief and monetary damages to remedy and redress Defendants' rampant, willful, and continued infringement of Plaintiff's copyrighted photographs.

## JURISDICTION AND VENUE

4. This Complaint alleges causes of action under the Copyright laws of the United States, Title 17 of the United States Code.

5. This Court has subject-matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331, 1338 and 2201 as Plaintiff's claims against Defendants arise under Title 17 of the United States Code.

6. This Court has personal jurisdiction over Defendants pursuant to substantial and continuous contacts with the state of New York that all relate to and/or from the basis of this action and/or that they have done and continue to do business in this District, including but not limited to offering their services throughout this District through their respective desktop websites, mobile websites, apps and other digital media.

7. Pursuant to 28 U.S.C. §§ 1391 and 1400(a), venue properly lies in this District because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial District and because Defendants reside, or are found within, this District within the meaning of 28 U.S.C. § 1400(a).

## THE PARTIES

8. Plaintiff is a limited liability company organized under the laws of the State of New York, with its principal place of business at 122 E. 42nd Street, 18th Floor, New York, New York 10168. Plaintiff is a business entity operated by creative director Ms. Lee, a Malaysian citizen who is currently a permanent resident of Singapore. Plaintiff was formed to hold, manage, and control the United States intellectual property rights to certain works, including, but not limited to, United States copyright registrations for photographs created by Ms. Lee and/or employees of corporate entities controlled by Ms. Lee.

9. Upon information and belief, Defendant Citibank, N.A. ("Citibank") is a national banking association with its principal place of business located at 5800 South Corporate Place, Sioux Falls, South Dakota 57108. Upon information and belief, Citibank, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for the domain name www.citirewards.com, as well as through related websites, mobile websites, apps and other digital media. Upon information and belief, Citibank regularly transacts or solicits business in this District through, *inter alia*, a website resolving to www.citirewards.com, as well as through related websites, mobile websites, apps and other digital media.

10. Upon information and belief, Defendant Southwest Airlines Co. ("Southwest") is a Texas corporation with is principal place of business located at 2702 Love Field Dr., Dallas, Texas 75235. Upon information and belief, Southwest, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for the domain name

www.southwesthotels.com, as well as through related websites, mobile websites, apps and other digital media. Upon information and belief, Southwest regularly transacts or solicits business in this District through, *inter alia*, a website resolving to www.southwesthotels.com, as well as through related websites, mobile websites, apps and other digital media.

11. Upon information and belief, Defendant Air Canada ("Air Canada") is a Canadian corporation located at 7373 Côte-Vertu Ouest St Laurent QC H4S 1Z3 Canada. Upon information and belief, Air Canada, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, and/or provided content for the domain name www.aircanada.com, as well as through related websites, mobile websites, apps and other digital media. Upon information and belief, Air Canada regularly transacts or solicits business in this District through, *inter alia*, a website resolving to www.aircanada.com as well as through related websites, mobile websites, apps and other digital media.

12. Upon information and belief, Defendants Emerging Travel, Inc., together with its divisions or brands, Defendants Rate Hawk and Zen Hotels (collectively "Emerging Travel Group"), is a Delaware corporation located at 1000 N. West Street, Suite 1200, Wilmington, DE 19801. Upon information and belief, Emerging Travel Group, itself or through affiliated entities, owns, uses, and/or provides content for, and/or has owned, used, controlled, and/or provided content for the domain names www.emergingtravel.com, www.ratehawk.com, www.zenhotels.com, and www.worldota.net as well as through related websites, mobile websites, apps and other digital media. Upon information and belief, Emerging Travel Group regularly transacts or solicits business in this District through, *inter alia*, websites resolving to www.emergingtravel.com, www.ratehawk.com, www.zenhotels.com, and www.worldota.net as well as through related websites, mobile websites, apps and other digital media.

## FACTUAL BACKGROUND

### A. Creation and Ownership of the Works at Issue.

13. Ms. Lee is a professional photographer, artist, designer, creative director, and entrepreneur. Over more than 20 years, and through a series of entities that she established that are in the business of advertising, art, graphic design, and photography, Ms. Lee has established a successful career in travel and hotel promotional material worldwide.

14. These entities include, but are not limited to, the following:

    a. Wave-S, registered as a sole proprietorship in Singapore on February 21, 1994, which had as its principal activities advertising, art and graphic design, and photography, and which ceased doing business on February 21, 2007. Ms. Lee was the sole owner of Wave-S.

    b. The Wave Pte. Ltd., incorporated in Singapore on February 8, 2002, which had as its principal activities advertising, art and graphic design, and photography. Ms. Lee was a 50% shareholder of this entity. On August 1, 2008, its Board of Directors passed a resolution to assign all of its assets, which included among other things its intellectual property, to Ms. Lee and dissolved The Wave Pte. Ltd.

    c. The Wave Design Pte. Ltd., incorporated in Singapore on July 1, 2005, which had as its principal business activities advertising, art and graphic design, and photography. On July 27, 2007, The Wave Design Pte. Ltd. changed its name to its current name, The Wave Studio Pte. Ltd. Ms. Lee was, and remains, the sole owner and shareholder of this entity.

(These entities are referred to collectively as the "Wave Entities," and each individually, the "Wave Entity.")

15. The business of the Wave Entities was and is promotional in nature, involving the conception and development of branding campaigns and the design, creation, and execution of design work (including photography, copywriting, artwork composition, choosing appropriate color separation, and supervising the printing and/or production process) required to produce associated marketing collaterals such as flyers, brochures, press kits and calendars.

16. From approximately 2000 to 2007, a hotel management company called General Hotel Management ("GHM") requested that Ms. Lee and the Wave Entities provide comprehensive branding and marketing services for the Hotels, all of which were at various times relevant to this action under GHM's management services. The Hotels included the following properties: The Setai Miami (USA), The Heritage House Mendocino (USA), The Chedi Milan (Italy), The Leela Goa (India), The Chedi Muscat (Oman), The Nam Hai Hoi An (Vietnam), The Chedi Chiang Mai (Thailand), The Chedi Phuket (Thailand), The Datai Langkawi (Malaysia), The Andaman Langkawi (Malaysia), The Saujana Kuala Lumpur (Malaysia), The Club at The Saujana Kuala Lumpur (Malaysia), Carcosa Seri Negara Kuala Lumpur (Malaysia), The Legian Seminyak (Bali), The Club at The Legian Seminyak (Bali), The Chedi Club Ubud (Bali), The Serai Club Jimbaran (Bali), and The Lalu Sun Moon Lake (Taiwan).

17. Generally, Ms. Lee, or the relevant corporate entity controlled by Ms. Lee, conceptualized a branding campaign for each of the Hotels, one element of which required Ms. Lee, or the relevant Wave Entity, to survey the intended site, set up artistic elements and accents that would convey a desired impression of the site, design photographic compositions (including subject, angle, framing, lighting, and other technical as well as mechanical considerations), photograph certain items, personnel, sites, or facilities, conduct post-production work on the images, and deliver the final images for the Hotels' approval (the "Photographs").

18. Ms. Lee and/or the Wave Entities, as part of the services provided to the Hotels, created a comprehensive set of marketing materials that reflected the brand concept designed by Ms. Lee. A number of these marketing materials incorporated the Photographs. In other words, the client purchased the marketing materials produced by Ms. Lee and/or the Wave Entities, inclusive of a limited license restricted solely to distribution of the physical marketing materials themselves. None of the Hotels purchased the underlying Photographs or their copyrights, or any right to use, reproduce, and/or distribute them in any other manner or in any other media.

19. Pursuant to the course of conduct between Ms. Lee and/or the Wave Entities and the Hotels, Ms. Lee and/or the Wave Entities would issue production estimates and invoices for the services and marketing collaterals requested. These estimates and invoices specifically reserved all rights to the works resulting from the services provided to the Hotels and that the services and products provided were subject to the terms set forth in the estimates. One of the rights reserved in these estimates was, and is, the ownership of the Photographs, including the copyrights in and to the Photographs.

20. The Photographs that Ms. Lee and/or the Wave Entities produced are highly sought after works of art that businesses worldwide routinely display in the course of promoting their facilities, custom, and trade.

21. Subsequent to the creation of the Photographs of the Hotels, Ms. Lee and the Wave Entities entered into assignments that transferred the ownership, including all copyrights, to the Photographs from Ms. Lee and the Wave Entities to Plaintiff, where such rights remain. These assignments were recorded with the United States Copyright Office.

22. On January 18, 2022, in the action *The Wave Studio Pte. Ltd., et al. v. General Hotel Management (Singapore) Pte. Ltd.* (Suit No. 175 of 2018), the High Court of the Republic

of Singapore ruled, that under Singapore law, Plaintiff owns all rights to the Photographs. Specifically, the Singapore High Court determined that the Wave Entities and Ms. Lee owned all rights of ownership in the Photographs at the time of their creation and that ownership of all such rights to the Photographs were validly assigned from the Wave Entities and Ms. Lee to Plaintiff. The Singapore High Court further ruled that neither the Hotels (nor any other individuals or entities) owned or retained any rights to the Photographs and that they also had not received any implied or explicit license to use the Photographs for any purposes (other than the limited license restricted to distribution of any physical marketing collaterals produced by Wave Entities that incorporated the Photographs). Because the Singapore High Court ruled that the Hotels had no ownership or licensed rights in the Photographs, they also could not grant an implied license or implied assignment to reproduce, copy, distribute, or otherwise use the Photographs.

**B.       Plaintiff Registered Copyrights in the Photographs at Issue**

23.    The Wave Entities obtained copyright registrations from the United States Copyright Office for the Photographs (collectively and individually, the "Copyrighted Works"). Plaintiff is the sole and exclusive owner of the rights in the Copyrighted Works and did not grant any of these Defendants permission to license, sell, assign or use such works. True and correct copies of the registration certificates or copyright office online records for the Copyrighted Works are annexed hereto as **Exhibit 1**. These copyright registrations are as follows:

| Registration Number | Title of Work |
|---|---|
| VA 1-432-324 | Wave-s Photographs 2001 |
| VA 1-432-325 | Wave-s Photographs 2002 |
| VA 1-432-326 | The Wave Design Pte. Ltd. Photographs 2007 (A) |
| VA 1-432-327 | The Wave Design Pte. Ltd. Photographs 2007 (B) |

| Registration Number | Title of Work |
| --- | --- |
| VA 1-432-328 | Wave-s Photographs 2003 |
| VA 1-432-329 | Wave-s Photographs 2004 |
| VA 1-432-330 | The Wave Design Pte. Ltd. Photographs 2006 |
| VA 1-432-331 | The Wave Pte. Ltd. Photographs 2005 (A) |
| VA 1-432-332 | The Wave Design Pte. Ltd. Photographs 2005 |
| VA 1-432-336 | Wave-s Photographs 2002 (B) |
| VA 1-433-816 | Wave-s Photographs 2002 (C) |
| VA 1-433-795 | The Wave Design Pte. Ltd. - datai106 |
| VA 1-765-854 | The Wave Design Pte. Ltd. published legian 121 |
| VA 1-758-524 | Wave-s Photographs 2004 (B) |
| VA 1-824-376 | The Wave Design Pte. Ltd.- datai105 |
| VA 1-825-249 | The Wave Design Pte. Ltd.- datai104 |
| VA 1-825-264 | The Wave Design Pte. Ltd.- andaman067 |
| VA 1-825-429 | Wave-s Photographs 2004 (D) - chediclub141 |
| VA 1-825-431 | Wave-s Photographs 2004 (C) - legian122 |
| VA 1-829-021 | The Wave Design Pte. Ltd. - andaman068 |
| VA 1-842-228 | The Wave Design Pte. Ltd. - bkk018 - bkk025 |
| VA 1-842-230 | Wave-s Photographs 2004 - chiangmai239 |
| VA 1-857-706 | Wave-S Photographs 2002 - lalu159 |
| VA-1-942-993 | The Wave Design Pte. Ltd. - setai1182 |
| VAu 1-055-458 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (C) setai429 – setai803 |

| Registration Number | Title of Work |
| --- | --- |
| VAu 1-055-459 | The Wave Design Pte. Ltd. Unpublished photographs 2005 (D) setai960 – setai1179 |
| VAu 1-057-927 | The Wave Pte. Ltd. unpublished setai 182 |
| VAu 1-060-180 | The Wave Design Pte. Ltd. unpublished setai0183;0184 |
| VAu 1-060-182 | Wave-S unpublished setai959 |
| VAu 1-110-867 | The Wave Design Pte. Ltd. - Unpublished Photograph setai 1180 |
| VAu 1-144-751 | The Wave Design Pte. Ltd. - Unpublished setai1181 |

C. **Defendants Infringe Plaintiff's Copyrights**

24. Upon information and belief, Citibank, itself or through its affiliated entities, operates a reward program in which its customers acquire points for purchases made using Citibank credit cards which, in turn, may be redeemed in conjunction with monetary payments for flights, hotels, restaurants, and other travel accommodations. Upon information and belief, Citibank, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Plaintiff's Copyrighted Works through its website resolving to www.citirewards.com, as well as through related websites, mobile websites, apps and other digital media, which on information and belief were accessible and viewed by individuals within the United States and this District. Non-exhaustive examples of said unauthorized, infringing use are annexed hereto as **Exhibit 2**.

25. Upon information and belief, Southwest operates a rewards program in which its customers earn points from Southwest flights and hotels booked through Southwest. Upon information and belief, Southwest, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Plaintiff's Copyrighted Works through its website resolving

to www.southwesthotels.com, as well as through related websites, mobile websites, apps and other digital media, which on information and belief were accessible and viewed by individuals within the United States and this District. Non-exhaustive examples of said unauthorized, infringing use are annexed hereto as **Exhibit 3**.

26. Upon information and belief, Air Canada, as the largest provider of scheduled passenger services in the Canadian market, facilitates hotel and other travel bookings through its website. Upon information and belief, Air Canada, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Plaintiff's Copyrighted Works through its website resolving to www.aircanada.com, as well as through related websites, mobile websites, apps and other digital media, which on information and belief were accessible and viewed by individuals within the United States and this District. Non-exhaustive examples of said use are annexed hereto as **Exhibit 4**.

27. Upon information and belief, Emerging Travel Group operates online hotel search platforms that allow users to search for, compare, and book hotels through its brands Rate Hawk and Zen Hotels. Upon information and belief, Emerging Travel Group, itself or through affiliated entities, has reproduced, displayed, and distributed one or more copies of Plaintiff's Copyrighted Works through its websites resolving to www.ratehawk.com, www.zenhotels.com, and www.worldota.net, as well as through related websites, mobile websites, apps and other digital media, which on information and belief were accessible and viewed by individuals within the United States and this District. Non-exhaustive examples of said use are annexed hereto as **Exhibit 5**. Upon information and belief, Emerging Travel Group also offers marketing tools and services to businesses, hotels, and hotel chains, as well as to online travel agencies and advertisers, among others. Specifically, without Plaintiff's authorization, Emerging Travel Group has, for its

own profit, distributed, provided, or otherwise trafficked the Copyrighted Works to third parties with the intention that such third parties display, reproduce, copy, and/or further distribute the Copyrighted Works for such third parties' profit.

28. Plaintiff has never assigned, licensed, or otherwise transferred any interest in and to the Copyrighted Works to Defendants or otherwise dedicated them to the public. Nor have Defendants ever sought Plaintiff's, Ms. Lee's, or the Wave Entities' permission to use or reproduce the Copyrighted Works as alleged above.

29. Despite having no permission, consent, or license to do so from Plaintiff, Defendants have used and/or continue to use the Copyrighted Works in violation of Plaintiff's exclusive rights as copyright owner, and have not compensated Plaintiff for such use. Upon information and belief, to the extent that any of the Defendants' directly, indirectly, or contributorily infringing acts were conducted outside the United States, such foreign infringing activities were based on predicate unauthorized, infringing acts that took place in the United States.

30. Upon information and belief, the Copyrighted Works that are the subject of this Complaint have been seen and continue to be seen by thousands, and likely millions, of visitors to the Defendants' various platforms in the United States and worldwide.

31. Upon information and belief, Defendants have utilized the Copyrighted Works for purposes of enhancing their respective businesses, including by promoting and advertising their respective bookings to the boutique and high-end hotels featured in the Copyrighted Works, or by advertising their services and/or attractions by using photographs of the boutique and high-end Hotels featured in the Copyrighted Works, which, in turn, yields significant revenue for the Defendants, all without Plaintiff's authorization or compensation, infringing Plaintiff's rights in the Copyrighted Works.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement Against All Defendants)
### (17 U.S.C. § 101 et seq.)

32. Plaintiff realleges and incorporates by reference, each and every allegation contained in the foregoing paragraphs above.

33. Defendants have directly infringed Plaintiff's exclusive rights in the Copyrighted Works by reproducing, displaying, and/or distributing unauthorized copies of Plaintiff's photographs in violation of 17 U.S.C. § 501 et seq.

34. Defendants copied Plaintiff's entire images for their own personal commercial gain.

35. Moreover, Defendants' use of the Copyrighted Works is for substantially the same purpose as Plaintiff's intended use: to promote and market lifestyles, hotel properties, and destination locations, or to advertise and promote examples of Plaintiff's artistic works.

36. Specifically, without authorization or consent, Defendants have reproduced, displayed, and/or distributed at least Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-432-336, VA 1-433-795, VA 1-433-816, VA 1-765-854, VA 1-758-524, VA 1-824-376, VA 1-825-249, VA 1-825-264, VA 1-825-429, VA 1-825-431, VA 1-829-021,VA 1-842-228, VA 1-842-230, VA 1-857-706, VA-1-942-993, VAu 1-055-458, VAu 1-055-459, VAu 1-057-927, VAu 1-060-180, VAu 1-060-182, VAu 1-110-867, VAu 1-144-751.

37. Defendants' infringement of Plaintiff's exclusive rights in and to each of the Copyrighted Works constitutes a separate and distinct act of infringement.

38. Defendants' conduct was willful within the meaning of the Copyright Act.

39. Plaintiff has been damaged by Defendants' conduct, including, but not limited to, economic losses. Plaintiff continues to be damaged by such conduct and has no adequate remedy at law to compensate Plaintiff for all the possible damages stemming from Defendants' conduct.

40. Plaintiff has been damaged by such Defendants' conduct, including, but not limited to, economic losses. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including a disgorgement of profits or gains directly or indirectly attributable to the infringement of the Copyrighted Works. Plaintiff continues to be damaged by such conduct and has no adequate remedy at law to compensate Plaintiff for all the possible damages stemming from Defendants' conduct, entitling Plaintiff to injunctive relief.

### SECOND CLAIM FOR RELIEF
**(Contributory Copyright Infringement Against Defendants Emerging Travel Group, Rate Hawk, and Zen Hotels)**
**(17 U.S.C. § 101 et seq.)**

41. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs above.

42. Upon information and belief, Defendants Emerging Travel Group, Rate Hawk, and Zen Hotels have each contributorily infringed Plaintiff's rights in the Copyrighted Works. Each of such Defendants has, for their own profit, distributed, provided, or otherwise trafficked, without Plaintiff's authorization, the Copyrighted Works to third parties with the intention that such third parties display, reproduce, copy, and/or further distribute the Copyrighted Works for such third parties' profit, all in violation of Plaintiff's exclusive rights under the Copyright Act to the Copyrighted Works.

43. Defendants Emerging Travel Group, Rate Hawk, and Zen Hotels knew, or should have known, that they did not have ownership or licensed rights, nor Plaintiff's authorization, to

engage in such unauthorized distribution, provision, and trafficking of the Copyrighted Works to such third parties. Further, because such Defendants engaged in such distribution, provision, and trafficking of the Copyrighted Works to such third parties with the intention that such third parties display, reproduce, copy, and/or further distribute the Copyrighted Works for such third parties' profit without Plaintiff's authorization, such Defendants knowingly and unlawfully induced such third parties to directly infringe Plaintiff's exclusive rights in the Copyrighted Works, in violation of 17 U.S.C. § 501 *et seq*.

44.     Specifically, without authorization or consent, Defendants Emerging Travel Group, Rate Hawk, and Zen Hotels distributed, provided, or otherwise trafficked to third parties, without Plaintiff's authorization, at least Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-432-336, VA 1-433-795, VA 1-433-816, VA 1-765-854, VA 1-758-524, VA 1-824-376, VA 1-825-249, VA 1-825-264, VA 1-825-429, VA 1-825-431, VA 1-829-021, VA 1-842-228, VA 1-842-230, VA 1-857-706, VA-1-942-993, VAu 1-055-458, Vau 1-055-459, Vau 1-057-927, Vau 1-060-180, Vau 1-060-182, Vau 1-110-867, Vau 1-144-751.

45.     By providing unfettered access to the Copyrighted Works to third parties for distribution (who in turn, upon information and belief, directly infringed Plaintiff's rights in the Copyrighted Works), Defendants Travel Group, Rate Hawk, and Zen Hotels each materially contributed to such third parties' infringement of Plaintiff's copyrights in the Copyrighted Works. Accordingly, the contributory infringement of Defendants, Emerging Travel Group, Rate Hawk, and Zen Hotels, of Plaintiff's exclusive rights in and to each of the Copyrighted Works, and to each separate third party to whom Defendants distributed, provided, or otherwise trafficked

Plaintiff's Copyrighted Works without authorization, each constitutes a separate and distinct act of contributory infringement.

46. Further, upon information and belief, such third parties may each be liable for contributory copyright infringement alleged herein to the extent that one or all may have supplied, provided, distributed, or otherwise facilitated unfettered access by other unknown third parties to the Copyrighted Works without Plaintiff's knowledge or authorization.

47. The conduct of Defendants Emerging Travel Group, Rate Hawk, and Zen Hotels was willful within the meaning of the Copyright Act.

48. Plaintiff has been damaged by such Defendants' conduct, including, but not limited to, economic losses. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including a disgorgement of profits or gains directly or indirectly attributable to the infringement of the Copyrighted Works. Plaintiff continues to be damaged by such conduct and has no adequate remedy at law to compensate Plaintiff for all the possible damages stemming from Defendants' conduct, entitling Plaintiff to injunctive relief.

### THIRD CLAIM FOR RELIEF
**(Vicarious Copyright Infringement Against Defendants Emerging Travel Group, Rate Hawk, and Zen Hotels)**
**(17 U.S.C. § 101 et seq.)**

49. Plaintiff realleges and incorporates by reference, each and every allegation contained in the foregoing paragraphs above.

50. Upon information and belief, Defendants Emerging Travel Group, Rate Hawk, and Zen Hotels are each vicariously liable for the copyright infringement alleged herein because Defendants each had the ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

51.     None of these Defendants had the authority to license, sell, assign, or grant permission for any third party to use or display the Copyrighted Works. Notwithstanding that they had no right to license, sell, assign or permit any third party to use the Copyrighted Works, with each knowing it was not the owner of the copyright in such works, Defendants Emerging Travel Group, Rate Hawk, and Zen Hotels continued to represent, or imply, to third parties that they had such rights in and to the Copyrighted Works.

52.     Upon information and belief, Defendants Emerging Travel Group, Rate Hawk, and Zen Hotels each controlled the distribution of the Copyrighted Works by contracting with various third parties to display, copy, reproduce, distribute, sell, assign, or license the Copyrighted Works. Specifically, without authorization or consent, Defendants Emerging Travel Group, Rate Hawk, and Zen Hotels distributed, provided, or otherwise trafficked to such third parties, without Plaintiff's authorization, at least Plaintiff's Copyrighted Works of Registration Nos. VA 1-432-324, VA 1-432-325, VA 1-432-326, VA 1-432-327, VA 1-432-328, VA 1-432-329, VA 1-432-330, VA 1-432-331, VA 1-432-332, VA 1-432-336, VA 1-433-795, VA 1-433-816, VA 1-765-854, VA 1-758-524, VA 1-824-376, VA 1-825-249, VA 1-825-264, VA 1-825-429, VA 1-825-431, VA 1-829-021,VA 1-842-228, VA 1-842-230, VA 1-857-706, VA-1-942-993, Vau 1-055-458, Vau 1-055-459, Vau 1-057-927, Vau 1-060-180, Vau 1-060-182, Vau 1-110-867, Vau 1-144-751.

53.     Due to the nature of their control over the content on their websites, such third parties each had the right and the ability to supervise the infringing activities complained of herein. And because of the nature of their business relationship with such third parties, Defendants Emerging Travel Group, Rate Hawk, and Zen Hotels each had the right and the ability to supervise and control the infringing activities of such third parties.

54. Defendants Emerging Travel Group, Rate Hawk, and Zen Hotels each knew and/or should have known that the Copyrighted Works they were providing to such third parties, would be used, published and disseminated on high-trafficked websites and other media and in widely circulated promotional materials.

55. Further, upon information and belief, because Defendants Emerging Travel Group, Rate Hawk, and Zen Hotels each improperly and unlawfully represented, or implied, to third parties that it was the owner of and/or had the authority to grant permission to use the Copyrighted Works, such Defendants each knew that such third parties and others would not seek to secure an appropriate license or authorization from Plaintiff.

56. As a result of such Defendants' vicarious infringement of Plaintiff's copyrights, Defendants have obtained direct and indirect profits that they would not otherwise have realized, but for their infringement of the Copyrighted Works.

57. Such Defendants' misconduct was willful, intentional and/or reckless, and done for their own economic gain.

58. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including a disgorgement of profits or gains directly or indirectly attributable to the infringement of the Copyrighted Works.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants as follows:

1. That Defendants have infringed, directly, indirectly, contributorily, and/or vicariously Plaintiff's rights in the Copyrighted Works;

2. For entry of preliminary and permanent injunctions providing that Defendants and their officers, agents, servants, partners, affiliates, parents, subsidiaries, related entities, and those

persons in active concert or participation shall be enjoined from directly, indirectly, and/or contributorily infringing Plaintiff's rights in the Copyrighted Works;

3. For entry of preliminary and permanent injunctions providing that Defendants shall immediately remove all copies of the Copyrighted Works from all media and places of any kind where they have displayed, copied, or otherwise used any of the Copyrighted Works without Plaintiff's authorization;

4. For entry of preliminary and permanent injunctions requiring that Defendants destroy the Copyrighted Works in their possession, custody or control or return them to Plaintiff, and/or immediately obtain a license from Plaintiff for their use;

5. For entry of preliminary and permanent injunctions requiring that Defendants have the third parties to whom they have distributed, provided, or otherwise trafficked any of the Copyrighted Works remove such Copyrighted Works from their respective media and places where they have displayed, copied, or otherwise used any of the Copyrighted Works and to destroy all copies of the Copyrighted Works in their possession, custody or control or return them to Plaintiff, and/or immediately obtain a license from Plaintiff for their use;

6. For Plaintiff's actual damages and Defendants' profits in such amount as may be found; alternatively, at Plaintiff's option at trial, for maximum statutory damages in the amount of $150,000 with respect to each registration of the Copyrighted Works infringed either directly, indirectly, contributorily, and/or vicariously or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c);

5. For entry of judgment that Defendants shall pay Plaintiff's costs and attorneys' fees incurred in this action, pursuant to 17 U.S.C. § 505; and

6. For entry of judgment that Plaintiff be granted such other relief as the Court deems just, equitable, and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable to a jury.

Dated: New York, New York
   June 18, 2022         RIMON P.C.

                 By: */s/Maxim H. Waldbaum*

                 Maxim H. Waldbaum
                 100 Park Avenue, 16th Floor
                 New York, New York 10017
                 Tel/Facsimile: (212) 363-0270
                 E-Mail: maxim.waldbaum@rimonlaw.com

                 RIMON P.C.

                 Vijay K. Toke*
                 423 Washington Street, Suite 600
                 San Francisco, CA 94111
                 Tel/Facsimile: (415) 683-5472
                 E-Mail: vijay.toke@rimonlaw.com

                 Anna Freymann**
                 100 Park Avenue, 16th Floor
                 New York, New York 10017
                 Tel/Facsimile: (310) 274-7100
                 Facsimile: (310) 275-5697
                 E-Mail: anna.freymann@rimonlaw.com


                 *To be admitted *Pro Hac Vice*
                 ** NY attorney to be admitted into SDNY

                 *Attorneys for Plaintiff*