IH-32                                                                                                          Rev: 2014-1

# United States District Court
for the
# Southern District of New York
## Related Case Statement

---

### Full Caption of Later Filed Case:

THE WAVE STUDIO, LLC

| Plaintiff | Case Number |
|---|---|
| vs. | 22-cv-05141 |
| CITIBANK, N.A.; SOUTHWEST AIRLINES. CO.; AIR CANADA; EMERGING TRAVEL GROUP; RATE HAWK; AND ZEN HOTELS | |
| Defendant | |

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

THE WAVE STUDIO, LLC

| Plaintiff | Case Number |
|---|---|
| vs. | 7:13-cv-09239-CS-PE |
| GENERAL HOTEL MANAGEMENT LTD., et al. | |
| Defendant | |

Status of Earlier Filed Case:

☑ Closed     (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☐ Open     (If so, set forth procedural status and summarize any court rulings.)

By Opinion and Order dated March 10, 2017, the Earlier Filed Case (and consolidated cases listed in Schedule A attached hereto) were stayed as to Plaintiff's claims against Defendants other than General Hotel Management Ltd. ("GHM") as well as any cross-claims against GHM, pending the resolution of a litigation regarding the copyright ownership between Plaintiff and GHM in Singapore (the "Singapore Action"). [D.E. 209]. By Order dated April 25, 2018, the Court maintained the stay as to the non-GHM Defendants, and further directed the Clerk of Court to close the Earlier Filed Case and consolidated cases stating that there was no reason to maintain those cases as open for statistical purposes. [D.E. 253].

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

The newly filed case is related to the Earlier Filed Case. Both actions have been brought by the same Plaintiff, The Wave Studios, LLC, concerning the same or substantially similar transaction or events. Both actions allege that defendants, the majority of which are Internet travel websites for booking hotels, published Plaintiff's copyrighted work, photographs of hotels. Both actions are based on the same or similar group of copyright registrations and the same or similar set of copyrighted works.

There is overlap of the factual and legal issues in both cases. For example, the issue of ownership of the copyrights is the same in both cases and was adjudicated in the Singapore Action. Moreover, the Earlier Filed Case is the lead case for a number of other related cases [see Schedule A] wherein Plaintiff alleges defendants, the majority of which are Internet travel websites for booking flights and hotels, published Plaintiff's copyrighted works, including photographs of hotels. All of these actions are based on the same or similar group of copyright registrations and the same or similar set of copyrighted works.

As a result, there is a risk of conflicting orders and duplication of effort if Plaintiff is required to prove ownership of the copyrights, which would involve the same witnesses and facts. In addition, due to the significant number of copyright registrations and copyrighted works at issue in the Earlier Filed Case, the consolidated cases, and this newly filed action, it would be more efficient for one judge to oversee all of these actions. As a result, the interests of justice and efficiency will be served if the cases are deemed related to each other.

Signature: s/ Maxim H. Waldbaum     Date: 6.22.2022

Firm: Rimon, P.C.

**SCHEDULE A TO RELATED CASE STATEMENT**

**[consolidated cases]**

7:14-cv-08322-CS

7:15-cv-03420-CS

7:15-cv-04953-CS

7:21-cv-02691-CS

7:15-cv-05392-CS

7:17-cv-03589-CS

7:15-cv-05960-CS

7:15-cv-05962-CS

7:15-cv-06995-CS

7:15-cv-07950-CS