**FOLEY**

FOLEY & LARDNER LLP

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
212.338.3455
rlopes@foley.com

November 22, 2023

**VIA ECF**

The Honorable Cathy Seibel, District Judge
The Hon. Charles L. Brieant Jr. Federal Building
and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:   *The Wave Studio, LLC v. Citibank N.A. et al*,
              Case No. 7:22-cv-05141-CS

Dear Judge Seibel,

      In response to the Court's order dated November 7, 2023, Defendant Citibank, N.A. ("Citibank") respectfully contends that the stay should remain in place with respect to Citibank.

      As Plaintiff points out, it has sued dozens of other defendants in this Court for alleged infringement of the same copyrights. (ECF #69.) This action against Citibank is the most recent action (filed in 2022). Plaintiff filed the other actions in 2013, 2015, 2017, and 2021. (*Id.* at 1, n.1)

      The Court should maintain the stay of the claims against Citibank in the interest of judicial economy. There are many potential overlapping issues in the actions, the resolution of which could narrow or resolve the claims against Citibank. Examples of such issues could include: outstanding ownership and authorship issues under United States copyright law; originality of the copyrights; validity of the copyrights; and damages issues.

      Citibank contends it would be more efficient to proceed with one or more of the earlier-filed actions, first, before proceeding with respect to Citibank. *See Marine Travelift, Inc. v. K. Graefe & Sons Corp.,* No. 16 CV 2068 (VB), 2016 U.S. Dist. LEXIS 73168, at *5-10, 2016 WL 8711453 (S.D.N.Y. June 3, 2016) (staying action given parallel action involving same patent); *Diatek Licensing LLC v. Estrella Media, Inc.*, No. 22-cv-3508 (LJL), 2022 U.S. Dist. LEXIS 181724, at *2-5; 2022 WL 5108090 (S.D.N.Y. Oct. 4, 2022) (staying action pending resolution of motion to dismiss in parallel action involving the same patents).

      Issues decided against Plaintiff in any of the earlier-filed actions could be case dispositive of the claims against Citibank or, alternatively, could streamline the claims against Citibank. To the extent any of Plaintiff's copyright claims against Citibank are still viable after the earlier actions are resolved, the proceeding against Citibank would also be more efficient because of the discovery taken in the earlier actions (particularly document productions by Plaintiff, written discovery responses given by Plaintiff, and depositions of fact witnesses).



The Honorable Cathy Seibel, District Judge
November 22, 2023
Page 2

      Citibank also contends that the Court should maintain the stay of the claims against Citibank for another reason: the monetary relief sought from Citibank is likely to be much smaller compared to most of the other defendants.  Citibank is primarily in the banking business and is accused of using the asserted copyrighted works in conjunction with its travel rewards website.  On the contrary, most of the other defendants are in the travel business.  Therefore, the undersigned expects that the damages sought from the other defendants will be much greater.  The Court should resolve those claims first, before proceeding with any viable claims against Citibank.  *See Marine Travelift*, 2016 U.S. Dist. LEXIS 73168, at *6-7 (noting that the manufacturer of the accused products was better suited to defend the case than its end-user customers in part because manufacturers have a presumed greater interest in defending its actions).

      According, Citibank respectfully requests that the Court maintain the stay with respect to the claims against Citibank.

      Respectfully submitted,

*Roma Patel*

Roma Patel