

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

330 Madison Avenue, 27th Floor
New York, NY 10017
T: 212.413.9000  F: 646.428.2610
nelsonmullins.com

John Bauer
T: 212.413.9015
john.bauer@nelsonmullins.com

November 22, 2023

**Via E-Filing and Email: chambersnysdseibel@nysd.uscourts.gov**
The Honorable Cathy Seibel
United States District Court for the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

RE:   *The Wave Studio, LLC v. Citibank N.A. et al*
      Case No. 7:22-cv-05141-CS

Dear Judge Seibel:

We represent named Defendants Emerging Travel, Inc; Emerging Travel, Inc. dba as Rate Hawk; and Emerging Travel, Inc. dba as Zen Hotels (collectively the "Emerging Travel Group" or "ETG") in the above referenced case.[1]

This letter is submitted in response to this Court's November 7, 2023 Order (ECF NO. 70 referencing ECF No. 295 in the Primary GHM Case) requesting defendants to state whether or not they object to lifting of the stay and setting a November 29, 2023 hearing to address that issue as well as how to proceed if the stay is lifted. ETG has not responded to the Amended Complaint and submits this response pursuant to the Court's order while reserving all defenses and challenges to jurisdiction, venue, and service.

By way of relevant background, on March 10, 2017, your Honor rendered a decision on motions for summary judgment in the Primary GHM Case and dismissed General Hotel Management Ltd. ("GHM") from the action on the grounds of forum *non conveniens*, severing the claims against GHM, and continuing the stay of all of Plaintiff's claims against all other defendants so that Plaintiff could litigate as to the threshold issue against GHM in Singapore. The United

---

[1]   This case has been consolidated with *The Wave Studio, LLC v. General Hotel Management Ltd. et al.*, Case No. 7:13-cv-09239-CS (the "Primary GHM Case"); *The Wave Studio, LLC v. Amadeus North America, Inc.*, Case No. 7:15-cv-06995-CS; *The Wave Studio, LLC v. American Express Co.*, Case No. 7:15-cv-03420; *The Wave Studio, LLC v. AOL Inc.*, Case No. 7:15-cv-05962-CS; *The Wave Studio, LLC v. Booking Holdings Inc.*, Case No. 7:21-cv-02691-CS; *The Wave Studio, LLC v. British Airways PLC*, Case No. 7:15-cv-07950-CS; *The Wave Studio, LLC v. Groupon, Inc.*, Case No. 7:17-cv-03589-CS; *The Wave Studio, LLC v. United Airlines, Inc.*, Case No. 7:15-cv-05392-CS; (10) *The Wave Studio, LLC v. Virgin America Inc.*, et al., Case No. 7:15-cv-05960-CS; and *The Wave Studio, LLC v. Visa, Inc.*, Case No. 7:15-cv-04953-CS.

The Honorable Cathy Seibel
*The Wave Studio, LLC v. Citibank N.A. et al*
Page 2

States Court of Appeals for the Second Circuit upheld that decision on February 26, 2018. *Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd.*, 712 F. App'x 88, 89 (2d Cir. 2018).

Thereafter, Plaintiff did file an action against GHM in Singapore that was decided in favor of Plaintiff. *See The Wave Studio, LLC v. Trivago, N.V.*, Case No. 7:23-cv-03586-NSR, ECF No. 13 and Exhibits 13-1, 13-2, and 13-3. (Plaintiff referenced the Singapore decisions in its November 7, 2023 Letter requesting the stay be lifted, but did not provide copies with its letter (ECF No. 69)).

As an initial matter, this action against ETG is the most recent action, which was filed in 2022. Plaintiff filed the other actions in 2013, 2015, 2017, and 2021. The Court should maintain the stay of the claims against ETG in the interest of judicial economy. There are potential overlapping issues in the actions, the resolution of which could narrow or resolve the claims against ETG. ETG submits that it would be more efficient to proceed with one or more of the earlier-filed actions before proceeding with respect to ETG.

Regardless, Plaintiff has failed to provide sufficient information or explanation to support the stay being lifted. A review of the Singapore decisions and the Amended Complaint in this action (ECF No. 46) reveals that there is insufficient information provided in those documents to determine if the photographs that were the subject of the Singapore action are the same photographs Plaintiff alleges were infringed or are being infringed by the Emerging Travel Group in the current litigation and/or third parties who allegedly received the infringing photographs from ETG. *See Amended Complaint,* ¶¶ 41-58 (ECF No. 46). Indeed, Plaintiff's Amended Complaint does not provide the images purportedly covered by the asserted copyright registration. The Amended Complaint also does not provide a comprehensive list of the allegedly infringing photographs but merely provides a "non-exhaustive examples." *Id. ¶* 27. Without being able to compare the photographs that were at issue in the Singapore action to those at issue in the current litigation, any impact of the Singapore case cannot be reasonably ascertained. Accordingly, ETG opposes lifting of the stay until Plaintiff provides such information and ETG can evaluate the impact, if any, of the Singapore action on the current litigation.

If the Court does lift the stay despite the objections stated above, the Court has previously ordered that ETG (and other defendants) would have 60 days to respond to the operative complaint. ECF Nos. 43 and 57. However, given the paucity of Plaintiff's allegations, ETG requests that Plaintiff amend its Amended Complaint to expressly include (1) the images purportedly covered by the asserted copyright registrations, and (2) all photographs Plaintiff alleges were infringed or are being infringed by ETG, and/or third parties who allegedly received the infringing photographs from ETG. In any circumstance, ETG submits that the 60-day period to respond to the current or any amended operative pleading should remain in effect.

ETG respectfully submits that setting any further case scheduling at this juncture is premature. The Court and the parties will have a better understanding of the full scope of all claims and defenses after any amended pleadings, if any, and any responsive pleadings are filed. At that juncture, the parties should meet and confer regarding if and how the cases should progress, followed by a case management conference with the Court.

The Honorable Cathy Seibel
*The Wave Studio, LLC v. Citibank N.A. et al*
Page 3

  We look forward to further discussing these issues at the November 29th hearing.  If we can be of any further assistance in this matter, please advise.

               Respectfully submitted,


               /s/ John A. Bauer
                John A. Bauer