**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE WAVE STUDIO, LLC,<br><div align="right">Plaintiff,</div><br><div align="center">v.</div><br>AMADEUS NORTH AMERICA, INC., et al.,<br><div align="right">Defendants.</div> | Civil Action No. 7:15-cv-06995-CS-VR |
| THE WAVE STUDIO, LLC,<br><div align="right">Plaintiff,</div><br><div align="center">v.</div><br>BRITISH AIRWAYS PLC, et al.<br><div align="right">Defendants.</div> | Civil Action No. 7:15-cv-07950-CS |
| THE WAVE STUDIO, LLC,<br><div align="right">Plaintiff,</div><br><div align="center">v.</div><br>BOOKING HOLDINGS INC., et al.<br><div align="right">Defendants.</div> | Civil Action No. 7:21-cv-02691-CS |
| THE WAVE STUDIO, LLC,<br><div align="right">Plaintiff,</div><br><div align="center">v.</div><br>CITIBANK, N.A., et al.<br><div align="right">Defendants.</div> | Civil Action No. 7:22-cv-05141-CS |

**MEMORANDUM OF LAW IN SUPPORT OF THE BOOKING HOLDINGS
DEFENDANTS' MOTION TO DISMISS ON SPECIFIED GROUNDS
PER COURT'S ORDERS**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE WAVE STUDIO, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PRICELINE.COM LLC, et al.,<br>    Defendants. | Civil Action No. 7:15-cv-06995-CS |
| THE WAVE STUDIO, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>HOTELS COMBINED LLC, et al.<br><br>    Defendants. | Civil Action No. 7:15-cv-7950-CS |
| THE WAVE STUDIO, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>BOOKING HOLDINGS INC.; AGODA<br>COMPANY PTE. LTD.; AGIP LLC;<br>BOOKING.COM B.V.; BOOKING.COM<br>(USA) INC., ROCKET TRAVEL, INC.,<br>MOMONDO A/S.<br><br>    Defendants. | Civil Action No. 7:21-cv-02691-CS |
| THE WAVE STUDIO, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SOUTHWEST AIRLINES CO., et al.<br><br>    Defendants. | Civil Action No. 7:22-cv-05141-CS |

**MEMORANDUM OF LAW IN SUPPORT OF THE BOOKING HOLDINGS**
**DEFENDANTS' MOTION TO DISMISS ON SPECIFIED GROUNDS**
**PER THE COURT'S ORDERS**

# TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................................. 1

II.   BACKGROUND .................................................................................................... 2

      A.    PROCEDURAL HISTORY ........................................................................ 2

III.  LEGAL STANDARD ............................................................................................ 7

IV.   ARGUMENT ......................................................................................................... 9

      A.    PLAINTIFF'S CLAIMS AS TO PHOTOGRAPHS ALLEGEDLY USED
            MORE THAN THREE YEARS PRIOR TO THE DATES OF
            PLAINTIFF'S COMPLAINTS ARE BARRED BY THE STATUTE OF
            LIMITATIONS. ......................................................................................... 9

            1.    The Discovery Rule Triggers the Limitations Period. ............................ 9

            2.    Plaintiff's Claims Are Barred by the Three-Year Statute of
                  Limitations and Continuing Infringement Allegations Cannot Save
                  Plaintiff from the Discovery Rule. ........................................................ 10

            3.    All of the Claims in the BHI Case Are Barred by the Statute of
                  Limitations. ......................................................................................... 13

            4.    Claims Related to 423 Photographs in the Priceline Case Are
                  Barred by the Statute of Limitations. ................................................... 16

                  a)    Plaintiff Discovered the 423 Photographs Prior to March
                        24, 2012 ..................................................................................... 17

                  b)    Claims as to Those 423 Photographs Are Barred Even if
                        Discovered Again at Later Dates. ............................................... 17

            5.    Claims Related to 287 Photographs in the Hotels Combined Case
                  Are Barred by the Statute of Limitations. ............................................ 18

                  a)    Plaintiff Discovered the 287 Photographs Prior to March
                        23, 2012 ..................................................................................... 18

                  b)    Claims as to Those 287 Photographs Are Barred Even if
                        Identified Again at Later Dates. ................................................. 18

            6.    Claims Related to Seven Photographs in the Southwest Case Are
                  Barred by the Statute of Limitations. ................................................... 19

      B.    THE DOCTRINE OF EXTRATERRITORIALITY BARS PLAINTIFF'S
            CLAIMS AGAINST DEFENDANTS AGODA AND MOMONDO ................. 19

            1.    The Copyright Act Does Not Have Extraterritorial Effect. .................... 20

            2.    Plaintiff Makes No Domestic Allegations Against Agoda
                  Company Pte. Ltd. ............................................................................... 22

            3.    Plaintiff Makes No Domestic Allegations Against Momondo A/S ......... 22

IV.   CONCLUSION ................................................................................................... 23

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alvarado v. Mount Pleasant Cottage Sch. Dist.*,
   404 F. Supp. 3d 763 (S.D.N.Y. 2019) ....................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................................7

*Bell v. Oakland Cmty. Pools Project Inc.*,
   No. 19-CV-01308-JST, 2020 U.S. Dist. LEXIS 140008 (N.D. Cal. May 4,
   2020) ....................................................................................................................11

*Brown v. Daikin Am. Inc.*,
   756 F.3d 219 (2d Cir. 2014) .................................................................................7

*BYD Co. v. VICE Media LLC*,
   531 F. Supp. 3d 810 (S.D.N.Y. 2021) ..................................................................8

*Caminero v. Metro. Transp. Auth.*,
   No. 03cv04187 (GBD) (DF), 2019 U.S. Dist. LEXIS 75374 (S.D.N.Y. May 2,
   2019) .....................................................................................................................8

*Capitol Recs. v. Mercury Recs. Corp.*,
   221 F.2d 657 (2d Cir. 1955) ...............................................................................20

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002) ...............................................................................12

*Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*,
   No. 96 Civ. 1103 (MBM), 1996 U.S. Dist. LEXIS 18653 (S.D.N.Y. Dec. 16,
   1996) ...................................................................................................................20

*Goel v. Bunge, Ltd.*,
   820 F.3d 554 (2d Cir. 2016) .................................................................................7

*Grecco v. Age Fotostock Am., Inc.*,
   No. 21-cv-423 (JSR), 2021 U.S. Dist. LEXIS 144023 (S.D.N.Y. Aug. 2, 2021) ...................21

*IMAPizza, LLC v. At Pizza Ltd.*,
   334 F. Supp. 3d 95 (D.D.C. 2018) ......................................................................21

*Levitin v. Sony Music Entm't*,
    101 F. Supp. 3d 376 (S.D.N.Y. 2015)....................................................................20

*In re Livent, Inc. Noteholders Sec. Litig.*,
    151 F. Supp. 2d 371 (S.D.N.Y. 2001)......................................................................7

*Melendez v. Sirius XM Radio, Inc.*,
    No. 1:20-cv-6620-PAC, 2021 U.S. Dist. LEXIS 118160 (S.D.N.Y. June 24,
    2021), *aff'd*, 50 F.4th 294 (2d Cir. 2022)..............................................................8

*Michael Grecco Prods., Inc. v. RADesign, Inc.*,
    112 F.4th 144 (2d Cir. 2024)..................................................................................9

*Michael Grecco Prods., Inc. v. RADesign, Inc.*,
    678 F. Supp. 3d 405 (S.D.N.Y. 2023)..............................................................11, 17

*Minden Pictures, Inc. v. Complex Media, Inc.*,
    No. 22-CV-4069 (RA), 2023 U.S. Dist. LEXIS 52070 (S.D.N.Y. March 27,
    2023) ..............................................................................................................9, 10, 17

*Noland v. Janssen*,
    No. 17-CV-5452 (JPO), 2019 U.S. Dist. LEXIS 37781 (S.D.N.Y. Mar. 8,
    2019) ....................................................................................................................20

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    572 U.S. 663 (2014)...............................................................................10, 11, 17, 19

*Psihoyos v. John Wiley & Sons, Inc.*,
    748 F.3d 120 (2d Cir. 2014)....................................................................................9

*Richard Feiner & Co. v. Turner Entm't Co.*,
    No. 96 Civ. 1472 (RO), 1998 U.S. Dist. LEXIS 1947 (S.D.N.Y. Feb. 19,
    1998) ....................................................................................................................20

*Robert Stigwood Grp. Ltd. v. O'Reilly*,
    530 F.2d 1096 (2d Cir. 1976)...............................................................................20

*Sewell v. Bernardin*,
    795 F.3d 337 (2d Cir. 2015)....................................................................................8

*State St. Glob. Advisors Tr. Co. v. Visbal*,
    431 F. Supp. 3d 322 (S.D.N.Y. 2020)......................................................21, 22, 23

*Update Art, Inc. v. Modiin Publ'g Ltd.*,
    843 F.2d 67 (2d Cir. 1988)...................................................................................20

*Warner Chappell Music, Inc. v. Nealy*,
    601 U.S. 366 (2024)................................................................................................9

*Well-Made Toy Mfg. Corp. v. Lotus Onda Indus. Co.*,
    No. 02 Civ. 1151 (CBM), 2003 U.S. Dist. LEXIS 68 (S.D.N.Y. Jan. 3, 2003) ......................20

*Wolf v. Travolta*,
    167 F. Supp. 3d 1077 (C.D. Cal. 2016) ...........................................................................10, 11

**Statutes**

17 U.S.C. § 507(b) ....................................................................................................................9, 11

## I.     <u>INTRODUCTION</u>

Plaintiff The Wave Studio, LLC ("Plaintiff") sued Booking Holdings Inc., Agoda Company Pte Ltd., AGIP LLC, Booking.com BV, Booking.com (USA) Inc., Rocket Travel, Inc., Momondo A/S, Priceline.com LLC, Hotels Combined LLC and Southwest Airlines Co. ("Moving Defendants") in four separate lawsuits over seven years, alleging that they infringed Plaintiff's copyrights by using or causing others to use Plaintiff's photographs of hotels on travel-related websites without authorization. Plaintiff's claims against the Moving Defendants mirror those asserted against scores of Defendants in a dozen lawsuits filed over the course of a decade.

Plaintiff's latest complaint—a Master Complaint combining claims from all of the cases—reveals on its face that Plaintiff was aware of much of the alleged infringement against the Moving Defendants more than three years before filing its complaints, rendering the claims barred by the Copyright Act's statute of limitations. Plaintiff claims to have visited websites and contemporaneously captured screenshots of alleged infringements appearing on those websites, putting the screenshots aside for eventual litigation. But Plaintiff then delayed, sitting on its claims for well over three years, suing the Moving Defendants after the statute of limitations expired.

In addition to the improper delay, Plaintiff's claims against Moving Defendants Agoda Company Pte Ltd. and Momondo A/S also fail because the actions alleged against them in the Master Complaint are extraterritorial and not subject to the U.S. Copyright Act.

On both grounds, Plaintiff's claims fail as a matter of law. Plaintiff cannot cure these fatal defects. The Moving Defendants therefore respectfully request that the claims challenged by this Motion be dismissed with prejudice.

## II.    <u>BACKGROUND</u>

### A.    PROCEDURAL HISTORY

Plaintiff filed its first lawsuit on December 31, 2013, suing General Hotel Management Ltd. ("GHM") and dozens of other Defendants. *See* Civil Action No. 7:13-cv-09239-CS-VR (the "GHM Case"), ECF No. 1. Plaintiff alleges that GHM owned and/or managed all of the hotels that contracted with Plaintiff or its predecessor to take the photographs at issue, but that GHM— without authorization—distributed the photographs to other Defendants and allowed them to use or further distribute the photographs for use in marketing the hotels. On April 23, 2014, Plaintiff filed an Amended Complaint in the GHM Case. *See id.*, ECF No. 7. On July 3, 2014, the Court stayed the GHM Case as to the dozens of named Defendants except for GHM. *See id.*, ECF No. 67.

On March 23, 2015, Plaintiff filed another lawsuit alleging the same basic facts and claims of copyright infringement against Moving Defendant Hotels Combined LLC, a metasearch engine that allegedly displayed the photographs, and other non-moving Defendants. *See* Civil Action No. 7:15-cv-07950-CS (the "Hotels Combined Case"), ECF No. 1. On March 24, 2015, Plaintiff filed another lawsuit alleging the same basic facts and claims against Moving Defendant Priceline.com LLC, an online travel agency, and other non-moving Defendants. *See* Civ. Action No. 7:15-cv-06995-CS (the "Priceline Case"), ECF No. 1. The Court consolidated the Hotels Combined Case and the Priceline Case with the GHM case, staying them as well.

On March 10, 2017, this Court dismissed the action as to GHM on *forum non conveniens* grounds, finding that the central witnesses were in Singapore and that the dispute as to GHM's alleged infringement involved Singapore law. *See id.*, ECF No. 209. The Court directed Plaintiff and GHM to litigate ownership and GHM's liability in Singapore, and continued the stay as to the other Defendants in the various cases pending resolution of the Singapore case. *Id.*

More than seven years after filing its first case, Plaintiff on March 29, 2021, filed another lawsuit alleging the same basic facts and claims against seven of the Moving Defendants: Agoda Company Pte Ltd., AGIP LLC, Booking.com BV, Booking.com (USA) Inc., Rocket Travel, Inc., and Momondo A/S, and parent company Booking Holdings Inc. *See* Civil Action No. 7:21-cv-02691-CS (the "BHI Case"), ECF No. 1. None of these seven Moving Defendants was named in Plaintiff's earlier cases. On June 18, 2022, Plaintiff filed yet another lawsuit alleging the same basic facts and claims against the final Moving Defendant, Southwest Airlines Co., an airline that provides a travel-related website, and other non-moving Defendants. *See* Civil Action No. 7:22-cv-05141-CS (the "Southwest Case"), ECF No. 1. On August 11, 2022, Plaintiff filed an Amended Complaint in the Southwest Case. *See id.*, ECF No. 46. The Court consolidated these cases with the earlier cases and made them subject to the same stay. In total, Plaintiff filed 12 cases against more than 60 Defendants.

At a Status Conference on November 29, 2023, this Court lifted the stay of the cases following notice from Plaintiff that the Singapore case was resolved. The Defendants raised concerns at that Status Conference regarding Plaintiff's vague pleadings that failed to indicate which of Plaintiff's photographs were allegedly infringed, by which Defendant, and when and where the infringements had allegedly occurred. In response, this Court ordered Plaintiff to file amended claims in a master complaint that identified each photograph that was allegedly infringed by each Defendant, as well as when and where the infringement allegedly occurred. *GHM* Case, ECF No. 321, Nov. 29, 2023, Conference Transcript ("Transcript"), p. 22:4-15.[1] This Court

---

[1] *See also id.*, p. 23:4–6 ("what I am hoping for is something that will put kind of in spreadsheet form as to each defendant what photo, how long."); p. 31 at 14-16 ("You are going to have a spreadsheet that's going to say, which -- for each photograph who allegedly infringed it, and when.").

granted Plaintiff's counsel's request for about seven weeks to compile the detailed information required to comply with the order and file the master complaint. *Id*. pp. 22:16-23:2. Along with ordering Plaintiff to file a master complaint, the Court stayed discovery and responsive pleadings in the consolidated cases pending mediation proceedings with Magistrate Judge Reznik.

On January 26, 2024,[2] Plaintiff filed its master complaint. *Id*. ECF No. 332 (the "Master Complaint" or "MC"). Plaintiff attached as Exhibit 1 to the Master Complaint a "compendium of spreadsheets organized by Defendant" with its "particularized allegations" of infringement and incorporated it by reference. MC, ¶ 147 and Ex. 1 (the "Compendium Spreadsheet"). Plaintiff thereafter produced a series of PDFs—purported printed screenshots of the alleged infringements—that it identified in the Compendium Spreadsheet (the "Screenshots").[3] *See* ECF No. 321 (Transcript), pp. 34:17-35:14 (authorizing separate share file in support of allegations); Order, ECF No. 366 (requiring Plaintiff to produce Screenshots).

On October 31, 2024, Magistrate Judge Reznik ordered Defendants to file, on or before December 6, 2024, Rule 12 motions to dismiss the Master Complaint on three specified grounds (statute of limitations, doctrine of extraterritoriality and personal jurisdiction), and continued the stay of the consolidated cases for all other purposes. ECF Nos. 384, 409-410, and 421.

### B.    MASTER COMPLAINT ALLEGATIONS

Plaintiff alleges that it is the copyright owner of 2,381 published photographs and 756 unpublished photographs created between December 2000 and October 2007, which Plaintiff

---

[2] Plaintiff filed its original master complaint on January 16, 2024 (ECF No. 324), as required, but Plaintiff failed to comply with various court rules. Plaintiff filed the final corrected version on January 26, 2024 (ECF No. 332).

[3] The Moving Defendants reserve the right to challenge the authenticity of the Screenshots.

defines as the "Copyrighted Works." MC, ¶¶ 3, 104. Plaintiff alleges that the Copyrighted Works were created by or under the direction of Junior Lee ("Ms. Lee"). MC, ¶¶ 3, 103.[4]

Plaintiff alleges that GHM and GHM-managed hotels contracted with Ms. Lee or related corporate entities to create marketing materials that included the Copyrighted Works. MC, ¶¶ 3, 101-103, 108. Plaintiff alleges that it granted GHM and GHM-managed hotels a limited license to distribute the marketing materials, but that GHM disseminated the Copyrighted Works outside the scope of the license to "Defendants," which have "continued to use, reproduce and distribute" the Copyrighted Works. MC, ¶¶ 5-8, 110-111. These are generalized allegations against all "Defendants," presumably meant to encompass the Moving Defendants, although lacking any particularity.

Plaintiff admits that it had the knowledge and a sophisticated ability to search the internet regularly to locate what it claims are unauthorized copies of its photographs. For example, Plaintiff alleges that Ms. Lee identified "Defendants' infringement," which presumably includes alleged infringements by the Moving Defendants, using "automated reverse image search engines, and each listed domain in its dropdown menu within its website to confirm Defendants' use of Wave's Copyrighted Works[,]" as well as "backlinks to various domains to identify the country and the URL (Uniform Resource Locator), or unique address, where the image is being displayed." MC, ¶ 117. Plaintiff alleges that Ms. Lee conducted this contemporaneous searching of websites from 2012-2020. MC, ¶ 151. Plaintiff incorporates by reference the Compendium Spreadsheet that summarizes the results of Ms. Lee's searches and identifies, *inter alia*, "[t]he domain name" at

---

[4] Plaintiff alleges that Ms. Lee has owned and operated various business entities "for the purpose of carrying out her work in the creative industry[,]" and that she formed Plaintiff The Wave Studio, LLC on September 1, 2011 "for the purposes of holding, administering, and enforcing the copyrights previously held by Lee's former business entities." MC, ¶¶ 3, 107-08.

which the alleged infringement occurred and "[t]he date range in which the infringement occurred[.]" MC, ¶ 147 and Ex. 1.

The dates in the Compendium Spreadsheet are the dates that Plaintiff allegedly visited the identified domains and became aware of the alleged infringements,[5] which is critical for statute of limitations purposes. Plaintiff contends that the dates in the Compendium Spreadsheet are the dates of the alleged infringement. The purported Screenshots[6] include date references that confirm that the dates identified in the Compendium Spreadsheet are the dates that Plaintiff visited the identified domains and thus became aware of the alleged infringement. *See* Exs. A-F hereto (exemplars of purported Screenshots identified on the Compendium Spreadsheet). Plaintiff alleges that it "filed this action within three years of discovering each Defendants' infringement, which on information and belief continues." MC, ¶¶ 111, 120, 131. Plaintiff alleges no facts to support this conclusion. To the contrary, the allegations—taken as true as they must be here—establish that Plaintiff learned of the alleged infringements subject to this Motion long before each of the applicable three-year statute of limitations periods. This conclusion is confirmed by the purported Screenshots, which Plaintiff contends are true and accurate.

With respect to the doctrine of extraterritoriality, Plaintiff's allegations in the Master Complaint are slim and conclusory. Plaintiff fails to allege any facts to support the conclusory allegations that Moving Defendants Agoda Company Pte Ltd. ("Agoda Company") or Momondo A/S ("Momondo"), both foreign corporations, are somehow subject to the U.S. Copyright Act. *See*

---

[5] This conclusion is consistent with the absence of any allegation or other indication that Plaintiff used historical searching to find older infringements (MC, ¶ 117) and with Plaintiff's contention that it cannot know of potential infringement prior to 2012 (MC, ¶ 151).

[6] Plaintiff has the burden to authenticate the Screenshots but, for purposes of this motion only, are accepted as true.

MC, ¶ 30 (alleging that Agoda Company is a "Singapore company" with its "largest corporate office in Bangkok, Thailand" and Momondo is a "Danish corporation . . . currently located at Momondo A/S Farvergade 10, 1 DK-1463 Copenhagen K Denmark.").

### III.    LEGAL STANDARD

For a complaint to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "[courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555) (internal quotations marks and citations omitted).

While the Court is generally required on a motion to dismiss to accept a complaint's factual allegations as true, the Court "need not feel constrained to accept as truth conflicting pleadings that make no sense . . . or that are contradicted either by statements in the complaint itself[,] or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001) (collecting cases). Courts may consider "documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken.'" *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). Courts also may consider documents, such as the purported Screenshots produced by Plaintiff, as they are "'integral' to the complaint." *Alvarado v. Mount Pleasant Cottage Sch. Dist.*, 404 F. Supp. 3d 763, 771 (S.D.N.Y. 2019) (explaining that documents

may be considered on motion to dismiss where plaintiffs had the documents or had knowledge of them and relied upon them in bringing suit) (internal quotations marks and citations omitted).

"Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises a statutory bar,' such as lack of timeliness, 'as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015) (quoting *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008)).

Dismissal with prejudice is warranted where, as here, the plaintiff has had an opportunity to amend its claims or where further amendment would be futile. *See Caminero v. Metro. Transp. Auth.*, No. 03cv04187 (GBD) (DF), 2019 U.S. Dist. LEXIS 75374, at *14 (S.D.N.Y. May 2, 2019) (explaining "when dismissal without prejudice would be futile because the plaintiff's claims would be time-barred if refiled, dismissal with prejudice has been held to be appropriate" and finding dismissal without prejudice as futile where the statute of limitations has "long-since run") (citing *Rudder v. Jimenez*, No. 11cv3453 (VSB) (JLC), 2014 U.S. Dist. LEXIS 47848, at *18 (S.D.N.Y. Apr. 7, 2014)); *BYD Co. v. VICE Media LLC*, 531 F. Supp. 3d 810, 827-28 (S.D.N.Y. 2021) (explaining that leave to amend may be denied when amendment would be futile); *Melendez v. Sirius XM Radio, Inc.*, No. 1:20-cv-6620-PAC, 2021 U.S. Dist. LEXIS 118160, at *16 (S.D.N.Y. June 24, 2021) (dismissing with prejudice where "[r]epleading would be futile, because Plaintiff's claims have a substantive problem rather than an issue of inartful pleading") (citations omitted), *aff'd*, 50 F.4th 294 (2d Cir. 2022).

## IV.    ARGUMENT

### A.    PLAINTIFF'S CLAIMS AS TO PHOTOGRAPHS ALLEGEDLY USED MORE THAN THREE YEARS PRIOR TO THE DATES OF PLAINTIFF'S COMPLAINTS ARE BARRED BY THE STATUTE OF LIMITATIONS.

#### 1.    The Discovery Rule Triggers the Limitations Period.

The Copyright Act provides that "[n]o civil action shall be maintained under the [Act] unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b); *see also Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014) ("Civil actions for copyright infringement must be commenced within three years after the claim accrued.").

In determining when a copyright infringement claim accrues under the Copyright Act, the Second Circuit applies the "discovery rule," pursuant to which the claim accrues "when a diligent plaintiff discovers or should have discovered the injury (*e.g.*, an infringement)." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024) (citing *Psihoyos*, 748 F.3d at 124-25 (explaining copyright claims accrue upon "actual or constructive discovery of the relevant infringement")). The discovery rule "enables a diligent plaintiff to raise claims about even very old infringements *if he discovered them within the prior three years* [prior to filing suit]." *Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366, 369 (2024) (emphasis added). Claims are, however, barred by the statute of limitations if the plaintiff discovered, or reasonably should have discovered with the exercise of due diligence, that its copyright was being infringed more than three years before filing its complaint. *Minden Pictures, Inc. v. Complex Media, Inc*., No. 22-CV-4069 (RA), 2023 U.S. Dist. LEXIS 52070, at *5 (S.D.N.Y. March 27, 2023); *Michael Grecco Prods., Inc.*, 112 F.4th at 150 (quoting *Warner Chappell Music, Inc.,* 601 U.S. at 369); *Psihoyos*, 748 F.3d at 124. "The standard for whether a plaintiff should have discovered the relevant infringement is an objective one." *Minden*, 2023 U.S. Dist. LEXIS 52070, at *5 (internal citations omitted).

In *Minden*, the court held the plaintiff's copyright infringement claims were barred by the statute of limitations under the discovery rule. *Id.* at *12-13. The *Minden* plaintiff photography agency used technological measures like reverse-image searching to track online infringement for its licensing business. *Id.* at *7. The court held the plaintiff therefore had constructive knowledge of the alleged infringement more than three years before filing the complaint. *Id.; see also Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1093-97 (C.D. Cal. 2016) (finding on summary judgment that the plaintiff's copyright claims barred where plaintiff "suspected" the claim over three years before filing the complaint, even where the defendant denied the suspected infringement because plaintiff either discovered or reasonably could have discovered the alleged infringement more than three years before).

As in *Minden*, the Plaintiff here licenses its content. MC, ¶ 98. As in *Minden*, the Plaintiff pleads that Ms. Lee tracked online infringement using technological measures such as reverse-image searching. MC, ¶¶ 11, 117. As in *Minden*, the images are alleged to appear on widely available travel websites. MC, ¶147, Ex. 1. The facts here, however, are even less favorable than in *Minden* because Plaintiff pleads that Ms. Lee had *actual* knowledge of the alleged infringement—not just *constructive* knowledge—since she identified the infringements herself more than three years prior to filing suit. As in *Minden*, Plaintiff's claims should be dismissed on statute of limitations grounds.

> **2.    Plaintiff's Claims Are Barred by the Three-Year Statute of Limitations and Continuing Infringement Allegations Cannot Save Plaintiff from the Discovery Rule.**

If a plaintiff discovers an infringement prior to the three-year statutory bar period and the harm from that infringement continues into the three-year period, as Plaintiff alleges here for some photographs, that continuing infringement cannot serve as a basis for a claim. *Petrella v. Metro-*

*Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014). Plaintiff can only avoid the statutory bar as to the harm during the three-year period "when a defendant commits successive violations." *Id*. at 671. In that situation, "the statute of limitations runs separately from each violation" under the "separate accrual rule." *Id.* As the Supreme Court explained in *Petrella*, "when a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under § 507(b) with respect to more recent acts of infringement (i.e., acts within the three-year window), *but untimely with respect to prior acts of the same or similar kind*." *Petrella*, 572 U.S. at 672 (emphasis added).

Courts relying on *Petrella* regularly hold that an allegedly infringing work published on a defendant's website does not trigger a separately accruing harm merely by remaining present on the website. *Michael Grecco Prods., Inc. v. RADesign, Inc*., 678 F. Supp. 3d 405, 411 (S.D.N.Y. 2023) ("the continued presence of a copyrighted work on a website does not by itself give rise to a 'new wrong' under the Copyright Act.") (vacated on other grounds) (quoting *Minden*, 2023 U.S. Dist. LEXIS 52070, at *9 (rejecting argument that statute of limitations begins to run each time the photograph is transmitted to a user's computer and granting motion to dismiss where photograph was allegedly published on website outside of the statute of limitations)); *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1099 n.13 (C.D. Cal. 2016) ("[T]he allegedly infringing document's continued presence on defendants' website through 2014 at best constitutes 'harm from [a] past violation[ ] that [was] continuing' through 2014, and not a 'new wrong' that gave rise to '[s]eparately accruing harm' within the limitations period.") (quoting *Petrella*, 572 U.S. at 671 n.6); *Bell v. Oakland Cmty. Pools Project Inc.*, No. 19-CV-01308-JST, 2020 U.S. Dist. LEXIS 140008, at *15, n.3 (N.D. Cal. May 4, 2020) (collecting cases and concluding that "the mere fact that a document remained online does not trigger the separate-accrual rule").

Plaintiff alleges that the dates in the Compendium Spreadsheet correspond to the "date range in which the infringement occurred." MC, ¶ 147(1). These dates also are when Ms. Lee claims to have captured evidence of the alleged infringements (MC, ¶ 151) and, necessarily, when Plaintiff had actual notice of the alleged infringing conduct. The purported Screenshots align with the Compendium Spreadsheet and confirm that the date on the Compendium Spreadsheet is the date that Plaintiff visited the identified domain.[7] The purported Screenshots include various indications that Ms. Lee's practice was to capture the Screenshots on the dates on which the domains were visited and that those are the dates reflected in the Compendium Spreadsheet:

- Metadata reflects the date that the screenshot was captured or "modified" (*see* Ex. A at WAVE135471 showing "modified" date of July 8, 2012; Ex. B at WAVE 085683 showing "modified" date of August 9, 2012; Ex. C at WAVE055410 showing "modified" date of July 2, 2012; Ex. D at WAVE252418 showing "modified" date of January 19, 2023; Ex. F at WAVE009409 showing "modified" date of June 23, 2019);

- The check-in and check-out dates selected by the user that are close in time to the dates on the Compendium Spreadsheets (*see, e.g.*, Ex. A, WAVE135483 reflecting August 2012 check-in date; Ex. B, WAVE085681 reflecting September 2012 check-in and check-out dates; Ex. C, WAVE054132 reflecting April 2012 check-in and check-out dates; Ex. D, WAVE252415, reflecting March 2013 check-in and check-out dates; Ex. E, WAVE077875, reflecting April 2012 check-in and check-

---

[7] The Court may consider the purported Screenshots upon which the Compendium Spreadsheet is based and that reflect the URLs and dates in the Compendium Spreadsheet. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-153 (2d Cir. 2002). The Court allowed Plaintiff to produce the purported Screenshots separately, rather than append them to the Master Complaint, due to the volume. *See* ECF No. 321, Transcript, pp. 34:14-37:14.

out dates; Ex. F, WAVE009388, reflecting April 2012 check-in and check-out dates);

- The copyright notices at the bottom of the website (*see, e.g.*, Ex. F, WAVE009388, reflecting © 2012 notice); and

- Ms. Lee's notations of the dates captured (*see, e.g.*, Ex. F at WAVE009406).

Based on the Compendium Spreadsheet, the claims at issue in this Motion are barred by the statute of limitations because (1) the discovered dates are far outside of the three-year statute of limitations periods, or (2) the alleged uses of the Copyrighted Works that remained on the Moving Defendants' websites within the statute of limitations period constitute an alleged "continuing harm" from a past violation and not a "new wrong" that could give rise to a "separately accruing harm" within the limitations period. As to the first category of alleged uses, Plaintiff offers nothing beyond the conclusory allegation that its discovery was timely, which cannot cure its fatally deficient claims. As to the second category of alleged uses, there is no allegation, nor could there be, that the Moving Defendants engaged in any sort of separately accruing harm of the Copyrighted Works.[8]

### 3.    All of the Claims in the BHI Case Are Barred by the Statute of Limitations.

Plaintiff sued the following Moving Defendants in the BHI Case on **March 29, 2021**: (1) Booking Holdings Inc.; (2) Agoda Company Pte Ltd.; (3) AGIP LLC; (4) Booking.com BV; (5) Booking.com (USA) Inc.; (6) Rocket Travel, Inc.; and (7) Momondo A/S. All of the claims

---

[8] For Moving Defendants Priceline.com LLC, Hotels Combined LLC and Southwest Airlines Co., the Compendium Spreadsheet also identifies alleged unauthorized use of certain photographs with dates that only fall within the statute of limitations period. These three Moving Defendants are not seeking here to dismiss Plaintiff's claims as to those photographs on statute of limitations grounds but reserve the right to assert limitations as a defense once they take discovery.

against each of these seven Moving Defendants are barred by the statute of limitations in their entirety because Plaintiff discovered the alleged infringements long before the three-year statute of limitations deadline of **March 29, 2018**.

The Master Complaint references the Compendium Spreadsheet "at 1-723" for "particularized allegations regarding" a group of Defendants that Plaintiff calls "The Booking Group." MC ¶ 155. Plaintiff defines "The Booking Group" to include Moving Defendants AGIP, Agoda Company, Booking.com BV, Booking.com USA, Priceline.com LLC, Rocket Travel and Momondo, as well as Kayak (which is not a Moving Defendant). MC, ¶ 153. Plaintiff did not include Moving Defendant Booking Holdings Inc. in its defined term "The Booking Group." *Id*.

The Table of Contents or Bookmarks for the Compendium Spreadsheet (available using the drop-down icon ☰ or 🔖 ) divides pages 1-723 as follows:

- "Defendant Agoda Co Pte Ltd" (pages 2-204);[9]

- "Defendants Booking" (pages 205-449);

- "Defendant Kayak" (page 450);

- "Defendant Momondo" (pages 451-456); and

- "Defendant Priceline" (pages 457-723).[10]

Plaintiff does not identify any pages in the Compendium Spreadsheet for the remaining five Moving Defendants (AGIP, Rocket Travel, Inc., Booking.com BV, Booking.com (USA) and Booking Holdings Inc.).[11] If the Court nonetheless considers, for purposes of this Motion,

---

[9] Compendium Spreadsheet page numbers correspond to the exhibit page numbers at the bottom of each page.

[10] Priceline.com LLC is discussed separately below since Plaintiff sued it in a separate lawsuit.

[11] Plaintiff's failure to identify specific pages is contrary to this Court's requirement that Plaintiff specify the details of each alleged infringement, including which photograph, and where, when

Plaintiff's conclusory allegations regarding affiliations of these five Moving Defendants as providing a basis for Plaintiff's claims, all of the claims fail on statute of limitations grounds. Using this approach, the breakdown is as follows:

- AGIP: allegedly relevant to the pages identified above for Agoda Co Pte. Ltd. because "AGIP is affiliated with Defendant Agoda Co Pte. Ltd." MC, ¶ 29.

- Rocket Travel, Inc.: allegedly relevant to the pages identified above for "Defendants Booking" because the Master Complaint states that it is "affiliated" with and was "acquired by Booking Holdings Inc. around 2015." MC, ¶ 74.

- Booking.com BV, Booking.com (USA) or Booking Holdings Inc.: allegedly relevant to the pages identified above for "Defendants Booking." MC, ¶¶ 36-38.

The pages of the Compendium Spreadsheet specified above identify "domains"[12] at which the alleged infringements occurred and the dates on which Plaintiff was aware of the alleged infringements. Each so-called "domain" seems to be an incomplete portion of a URL that appears on the corresponding screenshots. An exemplar from page 17 is shown here, showing the "domain" of "**5.15_agoda.com_philippineshoteltour**" and a date of "**28Jun2012**:"

| Infringer: | 5.15_agoda.com_philippineshoteltour | | | 28Jun2012 | | | | TOTAL REG. | | 10 |
| | | | | | | | | TOTAL PHOTO | | 132 |
| **Registration No** | **Photo Title** | **Photo No.** | | | | | | | | |
| VA 1-432-324 | lalu | 016 | | | | | | | | |
| VA 1-432-325 | muscat | 018 | 001 | | | | | | | |
| | lalu | 158 | 083 | 086 | 087 | 139 | 141 | 142 | 047 | 051 | 030 |
| | | 072 | 076 | 043 | 091 | 094 | 089 | 085 | 135 | 090 | 150 |
| | | 039 | | | | | | | | | |
| VA 1-432-326 | namhai | 265 | 267 | 158 | 176 | 255 | 183 | 189 | 087 | 086 | 200 |
| | | 196 | 131 | 127 | 077 | 213 | 204 | 159 | 154 | 160 | 152 |
| | | 218 | 070 | 212 | | | | | | | |

---

and by which Defendant it allegedly was infringed. ECF No. 321, Transcript, pp. 22-23, 31. The Moving Defendants reserve their right to challenge this separate and independent fatal defect in Plaintiff's pleadings.

[12] Moving Defendants do not admit that they controlled the various "domains" listed in the Compendium Spreadsheet, but for purposes of this Motion, these allegations are presumed as true.

All of the dates in the Compendium Spreadsheet for the BHI Case Moving Defendants are from February 28, 2012, to July 6, 2014, *long before the statute of limitations three-year cut-off of March 29, 2018*:

| Defendant | Identified Pages of Compendium Spreadsheet | Date Range in Compendium Spreadsheet Pages |
| --- | --- | --- |
| (1) Booking Holdings Inc. | Assume 205-449 | 2/29/2012 – 7/6/2014 |
| (2) Agoda Company Pte Ltd. | 2-204 | 2/28/2012 – 7/6/2014 |
| (3) AGIP LLC | Assume 2-204 | 2/28/2012 – 7/6/2014 |
| (4) Booking.com BV | Assume 205-449 | 2/29/2012 – 7/6/2014 |
| (5) Booking.com (USA) Inc. | Assume 205-449 | 2/29/2012 – 7/6/2014 |
| (6) Rocket Travel, Inc. | Assume 205-449 | 2/29/2012 – 7/6/2014 |
| (7) Momondo A/S | 451-456 | 1/18/2013 – 6/1/2013 |

Plaintiff therefore *knew* of the alleged infringements on the dates identified on the Compendium Spreadsheet, which range from February 28, 2012, to July 6, 2014. But Plaintiff did not file its BHI Case complaint until March 29, 2021, long after the three-year statute of limitations expired. All of the claims against the Moving Defendants in the BHI Case are therefore barred and must be dismissed. As Plaintiff cannot cure this fatal defect, dismissal should be with prejudice.

>   **4.    Claims Related to 423 Photographs in the Priceline Case Are Barred by the Statute of Limitations.**

Plaintiff sued Moving Defendant Priceline.com LLC in the Priceline Case on **March 24, 2015**. The alleged infringements that Plaintiff attributes to Priceline.com LLC that are barred by the statute of limitations fall into two categories: (a) alleged infringement of 423 photographs with dates prior to the statute of limitations deadline of March 24, 2012, or (b) alleged infringement of the same 423 photographs that were also allegedly displayed after the March 24, 2012, deadline.

a)   *Plaintiff Discovered the 423 Photographs Prior to March 24, 2012.*

The Compendium Spreadsheet attributes pages 457-723 to Priceline.com LLC.[13] In those pages, Plaintiff identified 34 domains that Plaintiff attributes to Priceline.com LLC and that Plaintiff visited between February 22, 2012, and March 23, 2012—more than three years before filing the complaint. Compendium Spreadsheet, pp. 457-59; 467; 469; 470-72; 478-482; 565-66; 567; 571-74; 576; 592; 621-24; 626; 628; 630; 632; 634; 636-37; 714;592 716-17. The Compendium Spreadsheet identifies 423 different photographs that allegedly appeared at those 34 domains. *Id.*; Ex. G, List of 423 photographs. Given the timing of Plaintiff's discovery, the alleged infringements of the 423 photographs identified at those 34 domains are clearly barred by the statute of limitations.

b)   *Claims as to Those 423 Photographs Are Barred Even if Discovered Again at Later Dates.*

The Compendium Spreadsheet also identifies various domains that it attributes to Priceline.com LLC with dates after March 24, 2012. As to those domains that allegedly displayed the same 423 photographs that were allegedly displayed prior to March 24, 2012, these post-March 24, 2012, alleged uses of the *same* photos by the *same* Moving Defendant for the *same* type of use to market the *same* hotels represent "continuing harm" and not a "new wrong" that could give rise to a "separately accruing harm" within the limitations period. *See, e.g.*, *Petrella*, 572 U.S. at 672; *Michael Grecco Prods., Inc.*, 678 F. Supp. 3d at 411; *Minden*, 2023 U.S. Dist. LEXIS 52070, at *8-9. There are no allegations to support a claim that these post-March 24, 2012, alleged uses constitute new wrongs giving rise to a separately accruing harm.

---

[13] Priceline.com LLC does not admit that it controlled the domains listed in pages 457-723 of the Compendium Spreadsheet, but for purposes of this Motion, these allegations must be presumed as true.

17

Thus, all of Plaintiff's claims against Priceline.com LLC as to the 423 photographs identified on Exhibit G hereto are barred by statute of limitations.

### 5. Claims Related to 287 Photographs in the Hotels Combined Case Are Barred by the Statute of Limitations.

Plaintiff sued Moving Defendant Hotels Combined LLC in the Hotels Combined Case on **March 23, 2015**. The alleged infringements that Plaintiff attributes to Hotels Combined LLC that are barred by the statute of limitations similarly fall into two categories: (a) alleged infringement of 287 photographs with dates prior to the statute of limitations deadline of March 23, 2012, or (b) alleged infringement of the same 287 photographs that were also allegedly displayed after the March 23, 2012, deadline.

#### a) *Plaintiff Discovered the 287 Photographs Prior to March 23, 2012.*

The Compendium Spreadsheet attributes pages 898-982 to Hotels Combined LLC.[14] Plaintiff purports to have visited 10 domains attributed to Hotels Combined LLC on February 26, 2012, more than three years before the complaint filing date. *See* Compendium Spreadsheet, pp. 898-906, 978. The Compendium Spreadsheet identifies 287 different photographs that allegedly appeared at those 10 domains. *See id.*; Ex. H, List of 287 photographs. The claims related to the 287 photographs identified at those 10 domains are barred by the statute of limitations.

#### b) *Claims as to Those 287 Photographs Are Barred Even if Identified Again at Later Dates.*

The Compendium Spreadsheet also identifies various domains that it attributes to Hotels Combined LLC with dates after March 23, 2012. Many of those domains allegedly displayed the

---

[14] Hotels Combined LLC does not admit that it controlled the domains listed in pages 898-982 of the Compendium Spreadsheet, but for purposes of this Motion, these allegations must be presumed as true.

same 287 photographs that were allegedly displayed on February 26, 2012. These later alleged uses of the *same* photographs by the *same* Moving Defendant for the *same* type of use to market the *same* hotels represent "continuing harm" and not a "new wrong" that could give rise to a "separately accruing harm" within the limitations period. *See, e.g.*, *Petrella*, 572 U.S. at 672. There are no allegations to support a claim that these post-March 23, 2012, alleged uses constitute new wrongs giving rise to a separately accruing harm.

Thus, Plaintiff's infringement claims against Hotels Combined LLC as to the 287 photographs identified on Exhibit H attached hereto are barred by statute of limitations.

### 6. Claims Related to Seven Photographs in the Southwest Case Are Barred by the Statute of Limitations.

Plaintiff sued Moving Defendant Southwest Airlines Co. in the Southwest Case on **June 18, 2022**. As shown on page 1192 of the Compendium Spreadsheet, Plaintiff identified one domain allegedly associated with Southwest Airlines Co. displaying seven photographs on March 16, 2012, more than three years before the complaint filing date. See Ex. I, List of seven photographs. Thus, Plaintiff's claims against Southwest Airlines Co. as to the seven photographs identified in Exhibit I are barred by the statute of limitations.

\*    \*    \*

Plaintiff's claims challenged by this Motion are barred on their face by the statute of limitations. Plaintiff cannot cure this fatal defect in its claims, compelling dismissal with prejudice.

### B. THE DOCTRINE OF EXTRATERRITORIALITY BARS PLAINTIFF'S CLAIMS AGAINST DEFENDANTS AGODA AND MOMONDO

Plaintiff's claims as to Moving Defendants Agoda Company Pte Ltd. ("Agoda Company") and Momondo A/S ("Momondo") fail on the additional separate and independent ground of

extraterritoriality. Plaintiff has not alleged and cannot allege facts sufficient to establish that these two foreign corporations are subject to the Copyright Act.

### 1.    The Copyright Act Does Not Have Extraterritorial Effect.

It is well-settled that the Copyright Act does not have extraterritorial effect. *See, e.g.*, *Update Art, Inc. v. Modiin Publ'g Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988); *Robert Stigwood Grp. Ltd. v. O'Reilly*, 530 F.2d 1096, 1101 (2d Cir. 1976); *Capitol Recs. v. Mercury Recs. Corp.*, 221 F.2d 657, 662 (2d Cir. 1955) ("Then too the rule that we are adopting is in harmony with the settled law that a copyright has no extra-territorial effect."). "Infringing acts which take place entirely outside of the United States are not actionable under United States copyright laws." *See Well-Made Toy Mfg. Corp. v. Lotus Onda Indus. Co.*, No. 02 Civ. 1151 (CBM), 2003 U.S. Dist. LEXIS 68, at *14 (S.D.N.Y. Jan. 3, 2003).

Plaintiff must "adequately allege relevant domestic conduct" to state a claim under the Copyright Act. *Noland v. Janssen*, No. 17-CV-5452 (JPO), 2019 U.S. Dist. LEXIS 37781, at *12 n.5 (S.D.N.Y. Mar. 8, 2019). A plaintiff can state a claim based on foreign activity only by alleging a "predicate act" in the United States that is itself an act of copyright infringement and "permits further reproduction abroad." *Update Art*, 843 F.2d at 73; *Levitin v. Sony Music Entm't*, 101 F. Supp. 3d 376, 384-85 (S.D.N.Y. 2015); *Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, No. 96 Civ. 1103 (MBM), 1996 U.S. Dist. LEXIS 18653, at *19 (S.D.N.Y. Dec. 16, 1996) (dismissing infringement claim because the "plaintiff has failed to allege an infringement within the United States that led to extraterritorial infringement, [and] the general rule that extraterritorial infringements are not violations of the Copyright Act applies"); *Richard Feiner & Co. v. Turner Entm't Co.*, No. 96 Civ. 1472 (RO), 1998 U.S. Dist. LEXIS 1947, at *3-4 (S.D.N.Y. Feb. 19, 1998); *Fun-Damental*, 1996 U.S. Dist. LEXIS 18653, at *14-17 (establishing subject-matter

jurisdiction requires a "plaintiff [to] first demonstrate that the domestic predicate act was itself an act of infringement in violation of the copyright laws"; "the act taking place in the United States at the very least must itself violate the Copyright Act.").

"It is not a sufficient predicate act that a copyrighted work is made available online to United States users." *Grecco v. Age Fotostock Am., Inc.*, No. 21-cv-423 (JSR), 2021 U.S. Dist. LEXIS 144023, at *8-9 (S.D.N.Y. Aug. 2, 2021); *State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 340 (S.D.N.Y. 2020) (holding allegations that "Australian firms used the internet to communicate with their domestic audiences, and that, like most everything on the internet, their communications are thus 'accessible' in the United States . . . is insufficient to state a claim, given the limitation on the extraterritorial application of United States copyright law."). "The adoption of a rule that would give rise to a copyright claim against a foreign actor solely on the basis of the fact that a U.S. copyrighted image was posted on the internet . . . would undermine the extraterritorial limitations on U.S. copyright law." *State Street*, 431 F. Supp. at 339 (citing 7 PATRY ON COPYRIGHT § 25:86.20); *accord IMAPizza, LLC v. At Pizza Ltd.*, 334 F. Supp. 3d 95, 119 (D.D.C. 2018) ("The Court is somewhat skeptical that copyright infringement occurs when someone merely downloads an image from a reputable, publicly available website.").

Rather, a plaintiff must plead certain "plus factors," such as: "(1) the direction of copyrighted material into the United States, (2) [that] foreign acts are intended to, and do, have an effect within the United States, and (3) the uploading of copyrighted materials to servers located in the United States." *State Street*, 431 F. Supp. 3d at 340 (internal citations and quotation marks omitted).

21

### 2. Plaintiff Makes No Domestic Allegations Against Agoda Company Pte. Ltd.

Plaintiff alleges that Agoda Company is a "Singapore company" with its "largest corporate office in Bangkok, Thailand." MC, ¶ 30. Plaintiff alleges that "Agoda Company operates affiliated companies worldwide, including Defendant AGIP LLC and nonparty Agoda International USA LLC, which runs its American customer service operations and functions to offer customer service to Agoda Company's American customers." *Id.* Plaintiff alleges further that Agoda International USA LLC "works with Agoda Company to facilitate or provide Agoda Company's offering of accommodation services, including by publishing the infringing images." *Id.*

Plaintiff alleges no facts as to any domestic copyright infringement predicate activity by Agoda Company. Plaintiff also alleges no facts as to any "plus factors" such as directing copyrighted material into the United States, foreign acts that intend and do have an effect within the United States, or the uploading of copyrighted materials to servers located in the United States. *See, e.g., State Street*, 431 F. Supp. 3d at 340.

While Plaintiff attempts to lump Agoda Company into the "Booking Group," there are no allegations in the Master Complaint that establish the necessary domestic predicate act to allow for the extraterritorial application of the U.S. Copyright Act to Agoda Company.

### 3. Plaintiff Makes No Domestic Allegations Against Momondo A/S.

Plaintiff alleges that Momondo is a "Danish corporation . . . currently located at Momondo A/S Farvergade 10, 1 DK-1463 Copenhagen K Denmark." MC, ¶ 30. Plaintiff also alleges that "Momondo, itself or though affiliated entities, registers, owns, uses and provides content for (or has registered, owned, used and provided content for) the domain name momondo.com, and at all relevant times regularly transacted or solicited business in this District through, inter alia, momondo.com, cheapflights.ca, cheapflights.com.au, cheapflights.co.nz, cheapvoli.it,

cheapflights.co.za, cheapvols.fr, cheapflug.de, cheapvuelos.es" *Id.* These domains contradict the conclusory claim that Momondo conducts regular business in the U.S. because all but one of the domains cited are plainly foreign websites based on their country codes.

Plaintiff alleges no facts as to any domestic copyright infringement predicate activity by Momondo. Plaintiff also alleges no facts as to any "plus factors" such as directing copyrighted material into the United States, foreign acts that intend and do have an effect within the United States, or the uploading of copyrighted materials to servers located in the United States. *See, e.g., State Street*, 431 F. Supp. 3d at 340.

Accordingly, as was the case with Agoda Company, the claims against Momondo fail as a matter of law and should be dismissed. As Plaintiff cannot allege facts to establish the acts required for the U.S. Copyright Act to apply, the claims should be dismissed with prejudice.

## IV.    <u>CONCLUSION</u>

This Court ordered Plaintiff to amend its claims, specifying the "what, where and when" of its myriad infringement claims. In its effort to do so, Plaintiff admitted the dates on which it learned of the alleged infringements. The Master Complaint on its face confirms that Plaintiff's claims challenged in this Motion are barred by the statute of limitations. The Master Complaint likewise makes clear that the doctrine of extraterritoriality bars Plaintiff's claims against Agoda Company and Momondo.

Plaintiff has had ample opportunity to allege its claims against the Moving Defendants across multiple complaints and with multiple amendments. Further amendment would be futile.

The Moving Defendants respectfully request that the claims challenged by this Motion be dismissed with prejudice.

Dated: December 6, 2024

*/s/ Carla B. Oakley*

MORGAN, LEWIS & BOCKIUS, LLP
Carla B. Oakley
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415-442-1000
Fax: 415-442-1001
Email: carla.oakley@morganlewis.com

Meaghan Hemmings Kent
1111 Pennsylvania Ave
Washington, DC 20004
Tel: 407-247-2772
Fax: 202-739-3001
Email: meaghan.kent@morganlewis.com

*Counsel for Defendants Booking Holdings Inc.; Agoda Company Pte Ltd.; AGIP LLC, Booking.com BV; Booking.com (USA) Inc.; Rocket Travel, Inc., Momondo A/S; Hotels Combined LLC; Priceline.com LLC; Getaroom.com; Kayak Software Corp. d/b/a Kayak.com; and Southwest Airlines Co.*

24

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on **December 6, 2024**, I caused the foregoing

      **THE BOOKING HOLDINGS DEFENDANTS' NOTICE OF MOTION AND
      MOTION TO DISMISS ON SPECIFIED GROUNDS PER COURT'S ORDERS**

      **MEMORANDUM OF LAW IN SUPPORT OF THE BOOKING HOLDINGS
      DEFENDANTS' MOTION TO DISMISS ON SPECIFIED GROUNDS
      PER THE COURT'S ORDER**

      **EXHIBITS A-I**

to be transmitted to the following *via electronic mail*:

      **Counsel for Plaintiff The Wave Studio, LLC:**

      Gabriel Adam Berg
      Annie Huang
      Roman M. Silberfeld
      Robins Kaplan LLP
      1325 Avenue of the Americas
      Suite 2601
      New York, NY 10019
      gberg@robinskaplan.com
      ahuang@robinskaplan.com
      rsilberfeld@robinskaplan.com

                                      */s/ Carla B. Oakley*
                                      Carla B. Oakley